JOSEPH G. BARRON, Respondent, *v.* WILLIAM A. TOPLIFFE, Appellant.

First Department, May 2, 1930.

*William T. Van Alstyne* of counsel [*Leonard B. Smith* with him on the brief], for the appellant.

*George Helprin* of counsel [*Samuel Hart* with him on the brief], for the respondent.

MARTIN, J. The defendant charged the plaintiff, an attorney at law, with attempted extortion. The charge was dismissed after a hearing before a city magistrate. The plaintiff then commenced this action for malicious prosecution.

Several paragraphs of the answer filed by the defendant herein, setting forth facts in mitigation of damages, have been stricken out by the order of the Special Term, upon the ground that they are irrelevant and scandalous. This appeal is from that order.

The charge of attempted extortion grew out of the proposed institution of an action subsequently commenced by Lawrence Barden for alienation of affections. The plaintiff in this action was the attorney for Lawrence Barden in that action.

The defendant as a separate and partial defense and in mitigation of damages alleged that the plaintiff, who now sues for malicious prosecution, was for several years the attorney for one Lawrence Barden who resided in the city of New York; that in or about the month of February, 1926, Marie C. Barden, the wife of Lawrence Barden, instituted an action for divorce in the Circuit Court of Hillsborough county, Florida, in which action the defendant therein, Lawrence Barden, filed a cross-complaint and obtained a divorce from Marie C. Barden on the ground of adultery. The custody of the child of that marriage, Lawrence Barden, Jr., was awarded to the father. The decree in that action was entered on or about August 5, 1926. Thereafter and during the month of February, 1927, Marie C. Barden instituted an action for divorce in the Court of Common Pleas, State of Ohio, in which action a decree of absolute divorce in favor of Marie C. Barden was entered on April 4, 1927, dissolving the marriage between Lawrence Barden and Marie C. Barden. During the year 1928 the Bardens became reconciled and apparently have since lived together.

In the early part of 1929 it is alleged that Marie C. Barden, who was living as aforesaid, unknown to this defendant, with said Lawrence Barden, threatened this defendant that unless he continued to contribute money for her support she would cause him to lose his position with the Vacuum Oil Company.

On or about the 1st day of April, 1929, the said Marie C. Barden

delivered to the attorney for the defendant a number of letters written by the defendant to her, together with an affidavit alleging that these were all the letters in her possession and under her control or received by her from this defendant. Simultaneously with the delivery of said affidavit and letters, the defendant paid to Marie C. Barden the sum of $5,000 in settlement of her alleged claim and obtained from her a general release.

Thereafter and on or about July 18, 1929, defendant received from the plaintiff herein a letter dated July 16, 1929, stating that Lawrence Barden had placed with plaintiff a claim against the defendant and that if the defendant cared to communicate with the plaintiff before the plaintiff followed the instructions of his client to institute suit against the defendant, he (plaintiff) would be glad to hear from the defendant.

It is then alleged that one of the attorneys for the defendant met the plaintiff and was informed by him that unless the defendant settled with Lawrence Barden for $50,000 he would immediately commence an action for alienation of the affections of Marie C. Barden and demand $100,000. It is also alleged that the plaintiff herein stated to the attorney for the defendant that the plaintiff had in his possession about ninety letters written by the defendant to Marie C. Barden which had not been delivered when the settlement was made on April 1, 1929, between this defendant and Marie C. Barden.

The answer also alleges that the plaintiff told the attorney for the defendant that a summons had been prepared in the alienation of affections action and that unless the attorney for the defendant accepted service the plaintiff would on the following morning tack the summons to the door of the office of the Vacuum Oil Company. The answer alleges that the plaintiff for upwards of three and a half years prior to said letter of July 16, 1929, had acted as attorney for said Lawrence Barden and had advised said Barden in the Florida divorce action in 1926, and the plaintiff, at the time of writing said letter of July 16, 1929, and at the time of the meeting with the attorney for the defendant was fully aware of all the facts set forth and contained in paragraphs " Fifth," " Sixth," " Seventh," and " Eighth " of the answer and knew that Lawrence Barden and Marie C. Barden were living together as husband and wife and had been so living together at the time of the settlement of April 1, 1929.

In addition, the answer sets forth that the plaintiff knew that each of the parties had been divorced by the other by two separate divorce actions and that they had been living together thereafter and that this defendant had settled the alleged claim of Marie C.

Barden for $5,000 and had obtained a release from Marie C. Barden.

In an action for malicious prosecution, the defendant may prove at the trial facts not amounting to a total defense but tending to mitigate or otherwise reduce the damages if such facts are set forth in the answer.

In *Bradner* v. *Faulkner* (93 N. Y. 515) the court said: " It is immaterial to this discussion to inquire what matter may or may not be given in evidence under a general denial to the complaint. It is enough to say that it is competent for the defendant to plead specially, and give in evidence any facts which tend to rebut the existence of malicious motives on his part in causing the prosecution in question, and if the matters stricken out of the answer partake of that character, the order appealed from should be reversed."

If it should be shown that the facts alleged in the answer were known to this plaintiff when the alienation of affections action was commenced by him, it would tend very materially to establish that the prosecution was not malicious and the plaintiff will have much to explain at the trial. On this appeal we must assume that the defendant is in a position to establish the allegations of the answer.

The order, therefore, which strikes out portions of the answer should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Dowling, P. J., Merrell, O'Malley and Sherman, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.